Drake, Ch. J.,
delivered the opinion of the court:
The second section of the act of' June 16, 1880, 11 to provide for the settlement of all outstanding claims against the District of Columbia, and conferring jurisdiction on the Court of Claims to hear the same, and for other purposes” (21 Stat. L., 284; 1 Supplmt., 662), is as follows:
“ Sec. 2. All such claims against the District of Columbia shall, in the first instance, be prosecuted before the Court of Claims by the contractor, his personal representatives, or his assignee, in the same manner and subject to the same rules so far as applicable as claims against the United States are prosecuted therein, or to such other rules as the court shall prescribe. * * * Provided,Tliattbeprosecutionofallsuchclaims shall be commenced in the Court of Claims by the filing of the petition of the claimant, as required by the rules and practice of said court, within six months from the passage of this act; and all such claims against the District of Columbia now existing, and not so filed within said time, shall be forever barred, except in cases of claims owned and held by persons under legal disabilities, in which case such claims shall be in like manner barred unless commenced as aforesaid within six months after the expiration of such disability.”
■ Under this act the claimant filed a petition in this court on the 16th of December, 1880; which the defendant moves to dismiss, on the ground that it was not filed “within six months from the passage of this act.”
If this position be well taken, this court is without jurisdiction of the case, and can do nothing but dismiss it. (Garcia’s Case, 14 C. Gis. R., 121.) But, in our opinion, the position is not well taken.
It cannot, we think, be questioned, that this act belongs to the class of remedial statutes; that is, it was designed to give claimants against the District of Columbia a legal remedy for the enforcement of their claims, where no such remedy was, under pre-existing laws, available to them.
The rule that requires remedial statutes, to be liberally construed is familiar to the legal mind. “There can be no question,” says Mr. Dwarris, “that the words of a remedial statute are to be construed largely and beneficially, so as to suppress the mischief and advance the remedy.” (Dwarris on Statutes, 632.) And this principle was considered by Chancellor Kent to be so worthy of adoption and application, that, while holding *227 that retrospective statutes, which affect and change vested rights, are founded on unconstitutional principles, and consequently inoperative and void, he yet considered that that principle does not apply to remedial statutes, which may be of a. retrospective nature, provided they do not impair contracts,, or disturb absolute vested rights, and only go to confirm rights: already existing, and in furtherance of the remedy, by curing-defects, and adding to the means of enforcing existing obligations. (1 Kent’s Com., 455.)
The act in question is wholly free from any infringement of any right of the defendant. It simply gives claimants the right to a judicial determination here of the legality and justice of their claims against the District. If their claims are legal and just, no wrong is done to the District in having them judicially declared to be so; if they are illegal and unjust, it is a gain to the District to have them só adjudged.
We come then to the decision of this motion, unembarrassed by any supposition of possible wrong to the defendant through giving a large and beneficial construction to the words of the law. And we have less hesitation in adopting such a construction, from the fact that if we hold the claimant’s petition to have been filed too late, his claim will be “forever barred”; while, if we hold it to have been filed in time, the worst that can befall the defendant is the rendition of a judgment against it for a legal and just claim. The right of the claimant to obtain such a judgment ought not to be barred, if by any liberal and beneficient, but not violent, construction of the statute it can be avoided.
The language to be construed raises the question, whether the day of the passage of the act shall be included or excluded in the computation of the “ six months from the passage of the act.” If included, the six months expired with the close of the 15th of the ensuing December, and the petition was filed too late; if excluded, it was filed in time.
For more than a century the doctrine laid down by'Lord Mansfield in Pugh v. Duke of Leeds (Cowper, 714) seems to have been received and accepted by courts and legal writers, and it may be thus summarily stated: That, in a computation of time, the sense of the word from must always depend upon the context and subject-matter; and that courts of justice are so to construe the word as to sustain the deeds of parties and *228 give effect to their intention, and not to overthrow their deeds or defeat their intention. Before that day there had been much contrariety of views as to the proper meaning of that word in such instances; and Lord Mansfield, in ordering the case to stand over, said, “ It is very fit that a solemn judgment should be given upon a point that has been so much confounded.”
When, then, we enter upon the construction of the phrase “from the passage of this act,” we may look at the general intention of Congress in passing the act; which may be legitimately inferred from its title; though that may not be relied on to control the construction of its terms. Judged by its title; the general purpose of this act is 11 to provide for the settlement of all outstanding claims against the District of Columbia.” It is our duty to effectuate, and not to defeat, impede, or embarrass that purpose. Though we may not feel called upon to adopt, in its terms, the view of Mr. Christian, in a note to Blaiekstone, that in giving relief in the furtherance and extension of natural right and justice, under a remedial statute, the judge may safely go beyond even the spirit which existed in ■ the minds of those who framed the law (1 Black. Com., 88, note 30), yet'we may go fully up to the widest scope and farthest limit of that spirit, if the circumstances require it; always being careful to avoid needless interference with vested rights. We consider this view to be fairly within the spirit of the decision of the Supreme Court of the United States in Anderson v. United States (9 Wallace, 56), where the question arose whether, under the Abandoned and Captured Property Act of March 12, 1863, the claimant’s petition was filed in this court “ within two years after the suppression of the rebellion.” The case required a decision as to when the rebellion was suppressed, and the court, treating the act as remedial and beneficent in its nature and purpose, said, “it is clear the point of time should be construed most favorably to the person who adhered to the National Union”; in other words, most favorably to the person to whom the act gave a remedy which he would not otherwise have had.
The defendant, at the argument, relied mainly on the case of Arnold v. United States (9 Cranch, 104) as controlling the interpretation of this statute; but we cannot so regard it. The question there was, whether an act of Congress went into force on the day of - its passage or on the next day; and the court *229 decided in favor of the day of its passage. In this case, there is no question whether the act took effect on the day of its passage. Beyond doubt, it was a law on the 16th of June, 1880; and the question is merely as to a computation of time from its passage.
In deciding that question, we think it can be a matter of no consequence to the defendant whether the petition was filed a day sooner or later; while it is a matter of vital consequence to the claimant, to whom the later day would bring a final bar of his claim. We therefore deem it not only consonant with sound legal principles, but with the dictates of natural justice, in computing the six months, to exclude the day of the passage of the act; and this position is sustained by highly respectable American authorities. In Windsor v. China (4 Maine, 298) it was held by the supreme court of Maine that' in the computation of time from an act done, the day on which the act is done will be excluded, whenever such exclusion will prevent an estoppel or save a forfeiture. In Seekonk v. Rehoboth (8 Cushing, 371) the supreme court of Massachusetts said: “We consider it now well settled as a general rule, that when an act is to be done within a. given number of days from the date, or day of the - date, or act done, the day of the date is excluded.” In Green's Appeal (6 Watts & Sergeant, 327) the supreme court of Pennsylvania said: “We think that where an act of assembly requires a thing to be done within a certain time from a prior date, and perhaps from a prior act, and the party by not doing it loses his right, as in limitation laws by which a right is to be taken away, there, in relief of the party, and to preserve him from loss, the most liberal construction ought to be chosen, and the farthest time given from which the reckoning is to be made.” We could doubtless find other cases of like import, but we do not deem it necessary.
Our conclusion is that the claimant’s petition was filed “ within six months from the passage of the act,” and that the motion to dismiss it must be overruled.