*80 OPINION.
Richardson, J.,
delivered tbe opinion of the court:
The District of Columbia, Claims act of June 16,1880, Ch. 243, § 2 (1 Suppl. Rev. Stat., 563, and 15 C. Cls. R., IX), required that the prosecution of all claims against the District should be commenced by filing the petition of the claimants within six months after the passage of the act. That time expired with the 16th of December, 1880. (Neurath's Motion, 17 C. Cls. R., 225.)
On the 1st day of October, 1880, William Dayton filed his petition alleging that the District was indebted to him in the sum of $6,505.02 upon contract No. 1072 with the Board of Public Works. On October 12 William M. Ritchie filed his petition alleging that the District was indebted to him as assignee of said Dayton upon the same cause of action as set out by his assignor, and he claimed title by three instruments executed by Dayton in his favor, as follows: A power of attorney, dated September 25, 1874, to collect $4,500; an assignment, dated October 8,1874, of all sums which may from time to time be found due under said contract No. 1072; an assignment dated January 3, 1875, of the sum of $5,000, out of any money due or to become due the said Dayton by virtue of contract No. 1072, with an affirmance of the powers of attorney previously given, and constituting said Bitchie his attorney irrevocable, with full power to receive from the Board of Audit all certificates -which may have been awarded to him on measurements under said contract, not exceeding, however, the sum of $6,000 in addition to the amount already paid.
These two cases were consolidated for the purpose of being tried together, and evidence was filed in their support. On the 25th of April, 1882, the cases were referred to a referee, under the provisions of the statute, to state an account between the parties. On the 17th of May, 1882, the referee made a report showing that the defendants owed the sum of $5,126.99 as a balance due for work done by said Dayton under said contract No. 1072. The referee also reported that there were on file in the office of the District authorities twenty-two other claims by different persons upon the money due to said Dayton, through orders and bills, and one judgment against him.
*81 On motion of the claimant Ritchie, it was ordered by the court, December 18,1882, that so much of said report as related to these twenty-wo claims should be stricken out, or that they would be disregarded by the court, as relating to parties and issues not presented by the pleadings.
On the 3d of January, 1883, there was filed in court the consent of William Dayton that his petition might be dismissed and that judgment might be entered in favor of Ritchie in his case for the amount found by the referee to be due from the District. On the 15th of January, 1883, the petition of Dayton was accordingly dismissed.
On the same day the several parties to the motions now under consideration, six of them in all, made and filed the same in court, asking—
leave to file tlieir several petitions as interveners, for that they, as shown in the report of the referee, are workingmen, material men, suppliers of provisions to workingmen, and holders of orders under the contract named in this case, and rely for settlement of their respective claims upon the seventh clause of the said contract, and upon the fact that the orders given them by said plaintiff upon the said contract fund were equitable assignments of so much of the balance claimed to be and now ascertained to be due to said plaintiff under said contract.
The seventh clause, of Dayton’s contract, referred to imthese motions, is as follows:
It is further agreed that the said parties of the second part [Dayton] shall punctually paj- the workmen who shall he employed by them on work under this contract in cash current, and not in what is denominated store pay, or orders; and that they will from time to time, and as often as may be required by the said party of the first part, furnish said party satisfactory evidence that all persons who have done work or furnished materials have been paid as heroin required; and if such evidence is not furnished, such sum or sums as may be necessary for such payment or claims shall be retained by said party of the first part [the District] until the said claims shall be fully satisfied.
Tbis agreement was not made with the persons who make the present motions, and between them and the District there is no privity of contract. It is not alleged that the defendants had accepted the orders mentioned in the present motion or had otherwise agreed to make payments directly to these parties; on the contrary, it was conceded at the argument that they had not done so.
The clause of the contract now invoked by the claimants in their motions expressly obligated Dayton to pay his workmen *82 in cash current, and not in store pay or orders, and yet three of those claimants at least set up claims under orders for store pay. The remainder of the clause gave the defendant a right to withhold payment from Dayton until he should furnish satisfactory evidence that all persons who had done work or furnished materials had been paid. This was a privilege accorded to the defendant of which it might take advantage if it saw fit. The privilege did not create an obligation on its part to do so, and there is nothing in the record before us to indicate that the District has in any way undertaken to avail itself of the authority thus given.
So under that clause of the contract these claimants have no standing in court. (See ante, 13.)
It remains to be considered whether they have any such standing by virtue of the provisions of the District Claims Act giving this court legal and equitable jurisdiction of certain claims against the District, and requiring every such claim to be prosecuted by the contractor, his personal representative, or his assignee.
As these claimants allege that they are assignees of Dayton, they might undoubtedly have prosecuted their claims against the District, as Ritchie has done, had they filed their petitions on or before December 16, 1880. But that time had expired two years, less but one day, when they came here with their motions, and the right given to them by statute could no longer be availed of. Moreover, if that were not a sufficient bar to the granting of their motions, and the court had the right in its discretion to let them into the case, notwithstanding the limitation fixed by the statute, we think there are two other grounds upon which their motions should be overruled.
1. They have been guilty of great and unreasonable delay. To silently stand by for more than two years while, as assignee of Dayton, the claimant Ritchie, whose interest was diametrically antagonistic to theirs, was prosecuting for his own use the claim under Dayton’s contract, and to wait until he had proved a case which showed that there was due from the defendant thereon a sum of over $5,000, and then come in to claim the fruits of his labors and the benefits of the expense by him incurred, certainly excludes them from any discretionary interference in their behalf.
2. Upon examining the referee’s report, to which these new *83 claimants expressly refer as showing their respective claims, we find that each one of these orders under which they claim is of later date than the last of the three instruments upon which the claimant Eitchie’s action as assignee of Dayton is founded. Eitchie, therefore, has the prior right to the fund in controversy, and the orders and assignments given to him by Dayton more than cover the whole of it. Eitchie’s claim has been admitted by Dayton by a written stipulation on file in the case, and it does not appear that the new claimants controvert it.
The motions of John Donnelly, J. S. Baldwin, and others for leave to intervene and become parties are overruled.
There being no further objections to the report of the referee, and all parties to the record having agreed upon the amount due, and no controverted questions of fact or law arising in the case, except such as have been. disposed of on interlocutory motions, findings are not necessary beyond the report of the referee, which is adopted as the finding of the court so far as it stands, and judgment will be entered in favor of William M. Eitchie, upon his motion, to the use of Lewis W. Eitchie, for the sum of $5,116.99, as due and payable December 20, 1875, within the meaning of section 6 of the District Claims Act of June 16,1880.